**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**ALLISTER DAMIAN GUERRA,**

                                        **Petitioner,**

            **v.**                                                    **9:07-CV-346**
                                                                      **(FJS/GHL)**

**UNITED STATES OF AMERICA,**

                                        **Respondent.**

_____

**APPEARANCES**

**ALLISTER DAMIAN GUERRA**
**37472-083**
FCI Ray Brook
P.O. Box 300
Ray Brook, New York 12977
Petitioner *pro se*

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

        Currently before the Court are Petitioner Allister Guerra's petition for habeas corpus,

pursuant to 28 U.S.C. § 2241, and his application to proceed *in forma pauperis*. *See* Dkt. Nos. 1,

3.

        Petitioner, who is confined at the Federal Correctional Institution at Ray Brook, New

York, brings this action to challenge the sixteen-year sentence of imprisonment that the United

States District Court for the District of Maryland imposed on him on June 4, 2003, after he pled

guilty to bank robbery and using, carrying, possessing and brandishing a firearm during a crime

of violence. *See* Dkt. No. 1 at 6. Petitioner asserts that the sentencing court did not comply with

Dockets.Justia.com

the plea agreement that he had executed.

Prior to filing the current petition, Petitioner filed a motion, pursuant to 28 U.S.C. § 2255, which the sentencing court denied. Petitioner does not state in his petition whether he took an appeal from that decision.

In his current petition, Petitioner claims that he is entitled to have his sentence vacated and to be re-sentenced within the range of the original plea agreement or to be permitted to retract his plea and proceed to trial. *See* Dkt. No. 1.

## II. DISCUSSION

### A.    Section 2255 and Section 2241

A prisoner in custody under sentence of a federal court who wishes to attack the validity of his conviction or sentence collaterally may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (citation omitted); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (citations omitted). That right, however, is not unlimited. Rather, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion.[1] *See Adams*, 372

---

[1] Section 2255 provides, in pertinent part, that

[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(continued...)

F.3d at 135.

By contrast, a petition pursuant to 28 U.S.C. § 2241 "is the proper means to challenge the execution of a sentence." *Id.* at 135; *see also* 28 U.S.C. § 2241. For example, a petitioner may use a § 2241 petition to challenge the computation of his sentence, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citation omitted). However, a federal prisoner may generally not seek relief from his conviction or sentence pursuant to a § 2241 petition.

**B.     Section 2255's Savings Clause**

There is an exception to the bar against a federal prisoner using a § 2241 petition to attack his federal conviction collaterally. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997) (quotation omitted).

The Second Circuit discussed § 2255's savings clause at length in *Triestman* and cautioned that the remedy that that clause provides is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). This interpretation of § 2255's savings clause

---

[1](...continued)
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

limits habeas relief to those circumstances where § 2255's remedy is unavailable and the "failure

to allow for collateral review would raise serious constitutional questions."  *Id.* at 377.  Courts

that have addressed this issue have concluded that § 2255's remedy is not inadequate or

ineffective in most situations.  *See, e.g., Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§

2255's remedy is not unavailable because the Supreme Court has not made a new rule of

constitutional law retroactive to cases on collateral review); *Jiminian*, 245 F.3d at 147-48 (§

2255's remedy is not inadequate or ineffective merely because the petitioner is unable to meet the

gatekeeping requirement for permission to file a second or successive § 2255 motion (citations

omitted)); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255's remedy is not

inadequate and ineffective simply because the petitioner allowed the one-year statute of

limitations to expire (citation omitted)); *Triestman*, 124 F.3d at 376 (procedural barriers to filing

a § 2255 motion, without more, do not establish inadequacy or ineffectiveness).


**C.     Petitioner's claims**

     Petitioner argues that the sentencing court failed to sentence him in accordance with his

plea agreement.  Such an assertion clearly challenges the imposition of his sentence, not its

execution.  Thus, Petitioner's remedy lies with § 2255 unless he can establish his right to proceed

under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

     As noted above, Petitioner previously filed a § 2255 motion in the United States District

Court for the District of Maryland, which that court denied.  Pursuant to § 2255, he may not file a

second or successive § 2255 petition unless he first receives permission from the United States

Court of Appeals for the Fourth Circuit to do so.  *See* 28 U.S.C. § 2255.  Petitioner does not

claim that he sought the necessary certification from the Fourth Circuit, nor does he offer any explanation for his failure to do so.[2]

In light of the apparent unavailability of a second or successive § 2255 petition to the sentencing court, Petitioner seeks to invoke § 2255's savings clause as the jurisdictional basis for his current § 2241 petition.  In this case, however, nothing in Petitioner's petition establishes that § 2255's remedy would be inadequate or ineffective in addressing the legality of his detention.  Although it appears that the § 2255 remedy might be unavailable to Petitioner, that fact alone does not establish that the remedy is inadequate or ineffective.  Furthermore, the Court concludes that its denial of Petitioner's request to proceed under § 2255's savings clause does not raise a "'serious constitutional question.'"  *Love*, 333 F.3d at 73 (quotation omitted).  Therefore, the Court finds that § 2255's savings clause does not apply to this case; and, therefore, this Court lacks jurisdiction to entertain Petitioner's § 2241 petitioner.

### III. CONCLUSION

Accordingly, after carefully reviewing the file in this matter and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Petitioner's petition in this action is **DISMISSED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that Petitioner's application to proceed *in forma pauperis* is **DENIED AS**

---

[2] The Court notes that, even if the Court of Appeals for the Fourth Circuit were to certify a second or successive § 2255 petition, this Court would lack jurisdiction to entertain that petition because a petitioner must file such a petition in the sentencing court. *See* 28 U.S.C. § 2255.

**MOOT**; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Order on Petitioner.

**IT IS SO ORDERED.**

Dated: April 19, 2007
        Syracuse, New York

                                        _____
                                     Frederick J. Scullin, Jr.
                                     Senior United States District Court Judge